FELICE JOHN VITI, Acting United States Attorney (#7007)
SETH NIELSEN, Assistant United States Attorney (#13823)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

---

## THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

---

| | |
|---|---|
| **IN THE MATTER OF THE SEARCH OF A BLACK IPHONE CELL PHONE FOUND ON ANA LUNA'S PERSON BY LAW ENFORCEMENT ON JUNE 23, 2025** | Case No. 2:25-mj-00632 DBP<br><br>AFFIDAVIT IN SUPPORT OF SEARCH WARRANT |

I, Kevin Dalrymple, being first duly sworn, hereby depose and state as follows:

### **AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

1.      I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code.  I have been so employed by the FBI since September of 2019.  I am currently assigned to the FBI Wasatch Metro Drug Task Force ("WMDTF"), and I am tasked with investigating street gangs and drug trafficking.  I have been involved in all aspects of this and related investigations since March 2020, and, as a result of personal participation, including physical surveillance, review of public records, pen registers and trap and trace information,

1

telephone toll records, interviews with and analyses of reports submitted by other special agents of the FBI and local, state, and federal law enforcement agencies in Utah, I am familiar with all aspects of this investigation. I am also familiar with the appearance, packaging, common usage and terminology regarding controlled substances through my training, experience, and observation.

2.        I know from training and past experience with narcotics investigations that persons involved with narcotics distribution often utilize cellular phones to further their illegal activity. Cellular phones can be used to arrange narcotics transactions through text messaging and phone calls. Cellular phones can be used to record the contact information of narcotics buyers, suppliers, and associates of the distribution organization. Persons involved in narcotics distribution often use cellular telephones to photograph or video record their criminal activity or possession of items illegally obtained. Cellular phones can be used to record, store, and/or transmit these photographs or videos and to document transactions or sales of controlled substances. As a federal agent, I am authorized to investigate violations of laws of the United States and is a law enforcement officer with the authority to execute warrants issued under the authority of the United States.

3.        The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. I have not included every fact known concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that evidence of possession and/or distribution of controlled substances, specifically but not limited to methamphetamine and/or its associated proceeds in violation of Title 21, United States Code, Section 841 and 846, and the use of wire

2

facilities to facilitate the same, Title 21, United States Code, Section 843(b), as well as money laundering and conspiracy in violation of Title 18, United States Code, Section 1956 & 1956(h), are being stored in the in items further described in Attachment A.

4.      Within the cellular telephones (as further described in Attachment A), it is requested that the following items be seized (as further described in Attachment B):

A.  The specific telephone number assigned to the cellular telephone.

B.  The specific ESN, MEID, IMSI, or other number assigned to the cellular telephone.

C.  Any and all digital evidence, fruits, or instrumentalities of distribution of a controlled substance, conspiracy, and illegal use of communication facility, stored on the cellular telephone including but not limited to voicemail messages, text messages, lists of incoming and outgoing calls, phone history, phone directories, address books and contact information, photographs, videos, digital images, and telephone applications ("apps") that allow texting and/or other communications between devices such as cellular telephones.

5.      I believe the property described above is evidence of the crimes of Distribution and Possession with Intent to Distribute a Controlled Substance, Title 21, United States Code, Section 841(a)(1), conspiracy to do the same, Title 21, United States Code, Section 846, use of wire facilities to facilitate the same, in violation of Title 21, United States Code, Section 843(b). and money laundering and conspiracy to do the same in violation of Title 18, United States Code, Sections 1956 and 1956(h) (collectively the "Target Offenses").

## FACTS ESTABLISHING PROBABLE CAUSE

6.      Beginning in or about the month of May 2025, the FBI WMDTF initiated a criminal investigation into ANA KARINA LUNA ("LUNA"), and other members of a drug trafficking organization ("DTO") that were believed to be distributing large quantities of narcotics in the District of Utah.  The FBI WDMTF is investigating the DTO for violations of the Target Offenses.

7.      On or about June 23, 2025, LUNA agreed to sell an undercover officer ("UCO1") a quantity of fentanyl in Utah.  LUNA and UCO1 agreed upon a price, time, and location for the exchange.  The communications between LUNA and UCO1 were conducted through telephone.

8.       Thereafter, during a controlled operation, LUNA was located and secured by agents upon her arrival at the meet location.  Agents were able to locate approximately 3,187.23 grams (package weight) of field-tested positive fentanyl in a bag which LUNA had brought with her to the designated meet location.  LUNA was also found to be in personal possession of **a black iPhone cell phone** (the **Target Cell Phone**) at the time of her arrest.   Based on knowledge of the investigation, I know that LUNA coordinated the above drug exchange with UCO1 through telephone.  Based on training and experience, I know that drug traffickers often communicate with co-conspirators, to include buyers and sellers, of their DTO through telephone.   I believe that the **Target Cell Phone** was used in furtherance of drug trafficking by LUNA.

9.    During a post-*Miranda* interview, LUNA admitted to possession of the narcotics. LUNA stated that she intended to sell the narcotics for cash profit. LUNA also advised that an additional quantity of narcotics would be found at her residence. LUNA provided agents verbal consent to enter the residence and retrieve the narcotics.

10.    Agents then transported LUNA to her residence in Salt Lake County, Utah. Upon arrival, agents walked into the basement residence with LUNA. Agents were able to locate approximately 2,758.44 grams (package weight) of suspected fentanyl in her bedroom. Agents also located approximately $4,265 in U.S. currency in her bedroom. In total, agents estimated the seizure of approximately 59,000 fentanyl pills from LUNA.

11.    Based on the facts and circumstances, I believe there is enough probable cause to believe that the **Target Cell Phone** seized from LUNA, described in Attachment A, contains further evidence, including the identification of other potential targets, of federal violations including but not limited to those listed in 21 U.S.C. §§ 841(a)(1) and 846, specifically, the illegal manufacture, distribution, or possession with intent to manufacture or distribute, or otherwise dealing in controlled substances, including but not limited to, cocaine, heroin, fentanyl, and methamphetamine, conspiracy to do the same in violation of Title 21, United States Code, Sections 841 and 846; and money laundering and conspiracy to do the same in violation of Title 18, United States Code, Sections 1956 and 1956(h). This is based on my knowledge that LUNA appears to distribute large quantities of narcotics. I know that narcotics distributors often use multiple cellular telephones to contact their sources of supply and their customers, using both voice calls and text message and other cellular applications, in order to conduct their narcotics distributions.

12. Stored digital information on the cellular phone listed may not be capable of being presently viewed due to the length of time since the electronics were last charged. A power source may be required to view the digital information. It may therefore be necessary that the cellular telephone listed be charged before a search can be performed. If the electronic device needs to be charged prior to being searched, the appropriate charger and/or batteries will be obtained. Once the electronic device is charged, a search will be performed by a law enforcement officer in order to seize the information listed in this Affidavit for Search Warrant. If the cellular telephones are locked however, or there is a large quantity of data stored on the cellular phones, FBI Salt Lake City may request the assistance of the Intermountain West Regional Computer Forensics Laboratory or other computer forensic laboratories to assist agents in the execution of this warrant.

13. It is my experience that individuals who are involved in narcotics distribution organizations utilize cellular telephones to communicate with each other and to arrange meetings with the buyers and suppliers of the illegal narcotics. Digital information stored on cellular phones and or SIM cards, such as text messages, emails, photographs, videos, phone logs, and address books or contacts list, indicate who a person is communicating with and what type of activity they are involved in. Ultimately, this information will assist the FBI Salt Lake City in determining the extent of the criminal activity and other individuals who may have knowledge of, or be involved with, the illegal narcotics distribution operation. In preparing this affidavit, I have consulted with other agents and law enforcement officers who are experienced in narcotics investigations and the above opinions are shared by them.

14.     Based on the foregoing, I respectfully submits that there is probable cause to believe that the cellular telephones, the internal SIM card and or Micro SD card as further described in Attachment A have been used to facilitate the distribution of controlled substances, specifically but not limited to heroin and methamphetamine, in violation of Title 21, United States Code, Section 841(a)(1), and the use of wire facilities to facilitate the same, Title 21, United States Code, Section 843(b)

15.     I, therefore, respectfully request that the attached warrant be issued authorizing the search of items listed in Attachment A and the seizure of items listed in Attachment B.

DATED this 27th day of June, 2025.

_____
Kevin Dalrymple, Special Agent
Federal Bureau of Investigation


Sworn and subscribed before me this 27th day of June, 2025.

_____
DUSTIN B. PEAD
United States Magistrate Judge

7

**ATTACHMENT A**
**PROPERTY TO BE SEARCHED**

The item to be searched is listed as follows:

1. **Target Cell Phone** is a black iPhone cell phone that was found on Ana LUNA's person at the time of her arrest on June 23, 2025.

**ATTACHMENT B**

LIST OF ITEMS TO BE SEIZED

1.  It is requested that the following items be seized:

    A.  The specific telephone number assigned to the cellular telephone and/or SIM card.

    B.  The specific ESN, MEID, IMSI, or other identifying number assigned to the cellular telephone or SIM card.

    C.  Any and all digital evidence, fruits, or instrumentalities of distribution of a controlled substance, conspiracy, illegal use of communication device, and money laundering, stored on the cellular telephone, SIM card, or Micro SD cards including but not limited to voice mail messages, text messages, lists of incoming and outgoing calls, phone history, phone directories, address books and contact information, photographs, videos, digital images, and telephone applications ("apps") that allow texting and/or other communications between devices such as cellular telephones.